# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:13CR278 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SARA LIOI |
| vs. | : | |
| | : | |
| JEREMY A. MACK, et al., | : | |
| | : | |
| Defendants. | : | |

### Defendant Jeremy A. Mack's Motion to Dismiss Count Eight
### and
### Alternative Request that the Government Elect Between Multiple Charges Contained in the Same Count

Defendant Jeremy Mack, by and through counsel, respectfully requests the Court dismiss Count Eight or, in the alternative, order the government to elect which crime it seeks to prove relative to Count Eight and provide both curative instructions, including an unanimity instruction, to the jury regarding Count Eight.  The basis for this Motion is more fully set forth in the accompanying memorandum.

Respectfully submitted,

/s/ Carolyn M. Kucharski
CAROLYN M. KUCHARSKI (Reg. No. 0062119)
Assistant Federal Public Defender
EDWARD G. BRYAN (Reg. No. 0055556)
Assistant Federal Public Defender
1660 West Second Street, #750
Cleveland, OH 44113
Phone: (216) 522-4856; Fax: (216) 522-4321
E-mail: carolyn_kucharski@fd.org
E-mail: edward_bryan@fd.org

**MEMORANDUM**

Rule 8(a) of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in the same indictment in a separate count for each offense. An indictment becomes "duplicitous if it 'joins in a single count two or more distinct and separate offenses.'" United States v. Campbell, 279 F.3d 392, 298 (6th Cir. 2002) (quoting United States v. Shumpert Hood, 210 F.3d 660, 662 (6th Cir.2000)).

"The vice of duplicity is that a 'jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense.'" Campbell, 279 F.3d at 398 (quoting Shumpert Hood, 210 F.3d at 662). "'By collapsing separate offenses into a single count, duplicitous indictments "prevent the jury from convicting on one offense and acquitting on another."'" Campbell, 279 F.3d at 398 (quoting Shumpert Hood, 210 F.3d at 662). Duplicitous indictments thus threaten a defendant's Sixth Amendment guarantee of jury unanimity. Campbell, 279 F.3d at 398 (quoting Shumpert Hood, 210 F.3d at 662).

In addition to threatening the constitutional right to unanimity, courts have recognized at least three other ways in which a duplicitous count prejudices a defendant. First, a duplicitous count fails to provide the defendant with adequate notice of the pending charges. See United States v. Kimberlin, 781 F.2d 1247, 1250 (7th Cir. 1985) (citation omitted). Second, a duplicitous count can produce a record inadequate to allow a defendant to plead former jeopardy to a subsequent prosecution for the same offense. Id. (citation omitted). Third, a duplicitous count may prejudice the defendant with respect to evidentiary rulings during the trial, since evidence admissible on one offense might be inadmissible on the other. Id. (citation omitted).

To determine the existence of duplicity in an indictment, "the decisive criteria are legislative intent and separate proof." United States v. Damrah, 412 F.3d 618, 622 (6th Cir. 2005) (citing United States v. Duncan, 850 F.2d 1104, 1108 n. 4 (6th Cir.1988)).  Here, Count Eight alleges two separate witness tampering crimes with separate evidentiary elements.  Count Eight alleges Mr. Mack violated both 18 U.S.C. § 1512(b)(1) and 18 U.S.C. § 1512(c)(2).

Section 1512(b)(1) requires the government to prove the following elements beyond a reasonable doubt:

(1) The defendant intimidated, threatened, or corruptly persuaded T.L., or engaged in misleading conduct toward the federal grand jury on May 28, 2013;

(2) The defendant acted knowingly; and

(3) The defendant acted with the intent to influence, delay or prevent the testimony of any person in an official proceeding.

Pattern Jury Instructions of the Seventh Circuit, pp. 442, 453 (2012) (adapted). Section 1512(c)(2), however, requires the government the government to prove the following elements beyond a reasonable doubt:

(1) The defendant obstructed, influenced, or impeded a federal grand jury proceeding, to do so, on or about May 28, 2013; and

(2) The defendant acted corruptly.

Pattern Jury Instructions of the Seventh Circuit, pp. 450, 453 (2012) (adapted).

As such, Count Eight of the superseding indictment is duplicitous as it charges two separate offenses in a single count.  See United States v. Savoires, 430 F.3d 376, 379-80 (6th Cir. 2005) (finding indictment was duplicitous as a single count alleged two offenses under 18 U.S.C. § 924(c)); United States v. Adesida, 129 F.3d 846, 849 (6th Cir. 1997) (finding count duplicitous as it charged both attempt and conspiracy – separate offenses that require different proof).

3

Pursuant to Federal Rule of Criminal Procedure 12(b)(2), if a defendant wishes to get a duplicitous indictment dismissed, he must raise the issue before trial.  Adesida, 129 F.3d at 849.  Mr. Mack thus requests Count Eight be dismissed.

Alternatively, Mr. Mack requests that the Court order "the prosecution to elect either the count or the charge within the count upon which it will rely" – either 18 U.S.C. § 1512(b)(1) or 18 U.S.C. § 1512(c)(2).  United States v. Robinson, 651 F.2d 1188 (6th Cir. 2981) (citing 1 C. Wright, Federal Practice and Procedure, § 145 at 334-35 (1969)).  Otherwise, Mr. Mack requests the Court "particulariz[e] the distinct offense charged in each count" in its jury instructions and " instruct[ing] the jury that it must come to a unanimous verdict in regard to either one offense or the other."  Shumpert Hood, 210 F.3d at 663; Adesida, 129 F.3d at 849 (citation omitted).

        Respectfully submitted,

        */s/ Carolyn M. Kucharski*
        CAROLYN M. KUCHARSKI (Reg. No. 0062119)
        Assistant Federal Public Defender
        EDWARD G. BRYAN (Reg. No. 0055556)
        Assistant Federal Public Defender
        1660 West Second Street, #750
        Cleveland, OH 44113
        Phone: (216) 522-4856; Fax: (216) 522-4321
        E-mail: carolyn_kucharski@fd.org
        E-mail: edward_bryan@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                          */s/ Carolyn M. Kucharski*
                                          CAROLYN M. KUCHARSKI (Reg. No. 0062119)
                                          Assistant Federal Public Defender